{¶ 37} I concur with the majority's rulings on the first and third assignments of error.
 {¶ 38} However, I disagree with the determination that Ms. Easterling was legally justified in interfering with the Morgan-Snyder contract. Therefore, I dissent as to appellant's second assignment of error.
 {¶ 39} The element of lack of justification requires more than a mere excuse or self interest. In other words, there must be "a legally protected interest that would justify interference with the contract."Parker v. Priorway Farms Homeowner's Assn., 11th Dist. No. 99-G-2257, 2000 Ohio App. LEXIS 5356, at *11.
 {¶ 40} Neither the fact that Ms. Easterling once had an interest in the property nor her present claim of a questionable oral contract to repurchase the property from her daughter constitutes a valid legal basis for backdating a contract and conspiring with a notary to falsify her notarization of a signature execution. Such illicit conduct does not "comport with reason" or any sense of legality. Ms. Easterling is not the first or the last individual to claim an oral right to purchase real property. Tortious behavior, deception, *Page 11 
and notarial misconduct cannot be condoned simply because someone wants to pursue what is, at best, a legally inferior interest in the same parcel of land. In this case, neither the end, nor the means, is legally justifiable.
 {¶ 41} Appellant's second assignment of error has merit. Appellant should be entitled to pursue his tortious interference claim against Ms. Easterling. *Page 1